### GEORGE JONES *vs.* ELI SMITH.

*1he payees of a deposit note, given in consideration of a policy of insurance issued in this commonwealth by a foreign mutual insurance company, cannot maintain an action to recover an assessment thereon, without proving a performance by the company of the acts required by the statutes of this commonwealth in order to enable them to issue the policy here.*

ACTION OF CONTRACT by the treasurer of the Union Mutual Fire Insurance Company, a corporation incorporated by the laws of New Hampshire, and doing business at Concord in that state, against the holder of a policy issued by them, to

recover an assessment upon a deposit note, whereby the defend-
ant promised "to pay said company or their treasurer for the
time being, the sum of seventy one dollars, in such portions and
at such time or times as the directors of said company may
agreeably to their act of incorporation and by-laws require."

At the trial in the court of common pleas, the defendant ob-
jected to the maintenance of this action, upon several grounds,
one of which was, that the plaintiff had not proved that said
company had ever performed the acts required of them by Rev.
Sts. *c*. 37, and *St*. 1847, *c*. 273, before making insurance in this
commonwealth. And *Byington*, J. ruled that the action could
not be maintained. To this ruling the plaintiff alleged excep-
tions.

*B. Palmer & J. D. Colt*, for the plaintiff. The burden of
proof is on the defendant to show that the company had failed
to comply with the provisions of the statutes of this common-
wealth. Chit. Con. (8th Amer. ed.) 659, 697. *Fiske* v. *New
England Marine Ins. Co*. 15 Pick. 317.

*I. Sumner & C. N. Emerson*, for the defendant.

METCALF, J. It was essential to the validity of the con-
tract of insurance, which was the consideration of this note,
that the insurance company should previously have complied
with the provisions of the statutes of this commonwealth. As
it is admitted that a compliance with these provisions was
denied in the answer, neither the company nor their treasurer,
being the payees named in the note, can maintain this action,
without proof of such compliance. If the plaintiff were a
*bona fide* holder, without notice, the rule would be different, and
a compliance with the requisitions of the statutes might be
presumed, in the absence of evidence to the contrary. *Atlan-
tic Mutual Fire Ins. Co*. v. *Fitzpatrick*, 2 Gray, 281. *Williams*
v. *Cheney, ante*, 220, 222.          *Exceptions overruled.*